UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 13-22771-CIV-MORENO

ERNESTO MEJIA RODRIGUEZ,

    Plaintiff,

vs.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

    Defendants.
_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT, AND REMANDING TO AGENCY

Ernesto Mejia is a Honduran national who has sought to remain in the United States since the order of deportation by an Immigration Judge because he had unlawfully remained in this country beyond the period allowed by his nonimmigrant visa. Mejia's efforts to stay in the United States since his arrival in 1980 when he was 15 years old have been documented in three appeals before the Eleventh Circuit Court of Appeals.[1] During all of those years he has been represented by *pro bono* attorneys from the law firm of Greenberg Traurig, including Elliot Scherker, Oscar Levin and others, all of whom have appeared on Mejia's behalf before 10 different Article III federal judges and irrespective of the outcome in the instant action will probably appear before three more Circuit Court of Appeals Judges in what will become "*Mejia IV*."

---

[1] *Mejia Rodriguez v. Janet Reno*, 178 F.3d 1139 (11th Cir. 1999) ("*Mejia I*"); *Mejia Rodriguez v. U.S. Dep't of Homeland Security*, 562 F.3d 1137 (11th Cir. 2009) ("*Mejia II*"); *Mejia Rodriguez v. U.S. Dep't of Homeland Security*, 629 F.3d 1223 (11th Cir. 2013) ("*Mejia III*") (Ex.1).

In *Mejia IV*, the Plaintiff argues that the decisions of United States Citizenship and Immigration Services to deny him Temporary Protected Status is contrary to law because they were based on two convictions: (1) a 1985 jumping of a Miami Metrorail turnstile without paying, in violation of the Dade County Code; and (2) a 1986 possession of marijuana and possession of a suspended driver's license, for which the Plaintiff received a "time served" disposition. The Plaintiff argues that the Government failed to apply its own rules, specifically the United States Citizenship and Immigration Services' (a) Minor Offense Exclusion Memorandum of January 17, 2010 (Ex.2), and (b) the Adjudicator's Field Manual Memorandum Update of January 21, 2011 regarding Temporary Protected Status Adjudication Involving "No Jail" or "No Incarceration" Certifications (Ex.3). The Plaintiff asks the Court to find that United States Citizenship and Immigration Services erred in not applying these two policy memoranda. On the other hand, the Government responds that Mejia was ineligible to even apply for Temporary Protected Status.

The Department of Homeland Security is empowered to grant Temporary Protected Status, precluding the removal of aliens. 8 U.S.C. § 1254a(a)(1)(A). In 1999, the Government designated Honduras for the Temporary Protected Status program due to Hurricane Mitch and the subsequent environmental dangers posed to the country. Accordingly, Honduran nationals are granted Temporary Protected Status under Section 1254a(b)(1)(B). The Government has recently extended Honduras' eligibility until 2015. The former Immigration and Naturalization Service granted Temporary Protected Status to Mejia in 1999. However, an alien is ineligible for this status if convicted of any felony or two or more misdemeanors in the United States. 8 U.S.C. § 1254a(c)(2)(B)(i); 8 C.F.R. § 244.4.

The procedural history that followed Mejia is a testament to the difficult decisions Congress

is asked to make regarding immigration, and the labyrinth of bureaucratic red tape that burdens those seeking any particular status adjustment from the federal agencies making and enforcing rules for immigrants. The undersigned is the eleventh Article III federal judge to review Mejia's status. The Court is asked to decide the impact of a 29-year-old turnstile jumping conviction and a 28-year-old simple possession of marijuana and suspended driver's license conviction.

So much time has elapsed, that the Federal Government itself has not only changed the names of its agencies and formed new departments, including the Department of Homeland Security and United States Citizenship and Immigration Services, but it has modified its policies to exclude certain New York misdemeanors under the 2010 Minor Offense Exclusion memorandum (Ex.2), and certain "no jail" or "no incarceration" misdemeanors under the 2011 Update memorandum (Ex.3).

United States Citizenship and Immigration Services denied Mejia's application to re-register for Temporary Protected Status on May 25, 2012 (Ex.4), finding that the two misdemeanor convictions rendered him ineligible because the last opinion by the Eleventh Circuit Court of Appeals, *Mejia III*, affirmed the District Court's finding that the marijuana and driver's license conviction and sentence to "time served" qualified as a conviction for purposes of Temporary Protected Status consideration.[2] That Eleventh Circuit opinion, however, did not discuss the 2010 Minor Offense Exclusion memorandum. Furthermore, the May 25, 2012 United States Citizenship and Immigration Services' decision, which discussed the two misdemeanor convictions and recognized that Mejia filed the two memoranda in support of his application, simply stated that the Eleventh Circuit Court of Appeals "affirmed that the offenses for 1985 and 1986 are convictions and

---

[2] In fairness to the Government, Mejia had other offenses in his criminal record, which have since been vacated and therefore not considered for purposes of Temporary Protected Status.

thus Mejia was ineligible for Temporary Protected Status." However, the Eleventh Circuit's decision in *Mejia III*, dated January 4, 2011, could not have discussed the January 21, 2011 Update memorandum regarding "no jail" or "no incarceration" certifications as the memorandum did not exist, nor did it mention the 2010 Minor Offense Exclusion memorandum.

This Court is therefore left with the task to decide the impact, if any, of those memoranda. The Court recognizes the Government's arguments that its own memoranda do not change the fact that Mejia's Temporary Protected Status was withdrawn by United States Citizenship and Immigration Services in 2006. The Court also sympathizes with the Plaintiff's arguments regarding the lack of reasonableness exhibited by the agency's decisions not to consider and apply the two memoranda, but simply relying on the Eleventh Circuit's decision in *Mejia III* which affirmed District Court Judge King's finding that the marijuana and suspended license guilty plea by Mejia qualified as an adjudication and conviction for Temporary Protected Status consideration.

However, the question remains as to whether that conviction, as well as the 1985 turnstile jumping misdemeanor conviction under Dade County Code 30B-4(15), should be excluded pursuant to the 2010 Minor Offense Exclusion memorandum which applies to New York, and the 2011 memorandum regarding "no jail" and "no incarceration." The Government says they should not be excluded. The Plaintiff says they should be excluded, and failure to apply the memoranda would result in disparate treatment for similarly situated individuals and therefore render the agency's actions arbitrary and capricious.

This Court is aware of the great deference afforded to agency decisions, and in this case the decision made by United States Citizenship and Immigration Services. However, this Court cannot reasonably discern the agency's analysis, if any, of the impact of its own two memoranda in its

decision to deny Mejia's Temporary Protected Status registration application. The "requirement that an agency provide reasoned explanations for its actions," *F.C.C. v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009), cannot be satisfied without any explanation of the disparate treatment of individuals in New York and Florida. Therefore, with respect to the declaratory and injunctive relief requested, the Court denies both parties' summary judgment motions and remands this case to United States Citizenship and Immigration Services to correct in writing any flaws in its decision to deny Mejia's Temporary Protected Status. Accordingly, it is

ADJUDGED that:

(1) Plaintiff's Motion for Summary Judgment is DENIED.

(2) Defendants' Cross-Motion for Summary Judgment is DENIED.

(3) This case is remanded to the Department of Homeland Security and to United States Citizenship and Immigrations Services to correct any flaws in its decision.

DONE AND ORDERED in Chambers at Miami, Florida, this 9th day of April, 2014.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record